## TABB AND WIFE

*v.*

## HUGHES AND WIFE.

(*Supreme Court of Appeals of Virginia, June, 1887.*)

[3 S. E. Rep. 148.]

**Insolvency—Creditors' Bill—Parties.***

To a creditors' bill to annul deeds made by a debtor, on the ground of fraud, alleging that the debtor was thereafter adjudged a bankrupt, and had never obtained a discharge, the assignee in bankruptcy is a necessary party.

Appeal from circuit court, Gloucester county.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Gloucester, rendered on the thirtieth day of March, 1885. The bill in this case was filed in October, 1884, to annul certain deeds made by George Hughes, on the ground of fraud. One deed was made on the twenty-fourth of September, 1875, conveying two tracts of land situated in the said county, called "Glebe" and "Gloucester Points," to William Dickson and Payton N. Page, trustees, for the separate use of his wife, Annie F. Hughes, in which P. N. Page is now the only trustee. And on the second of December, 1875, George Hughes and wife conveyed a tract called "Courthouse," by mortgage, to George Bliss, to secure a debt due Bliss. It is set forth that a suit was afterwards instituted in the circuit court of Gloucester county to foreclose the

*See monographic note on "Creditors' Bill," Va. Rep. Anno.

said mortgage, which was done, and Annie F. Hughes became the purchaser, and the same was conveyed under the court's decree to a trustee for her benefit. That George Hughes was adjudged a bankrupt in the federal court in New York, in 1876, and has never been able to obtain his discharge ; that the said Hughes, at the time of these fraudulent transactions, was indebted in a large sum to them, and in other large sums to others ; and that all the transactions set forth therein are fraudulent ; and the bill prays that they may be decreed to be fraudulent and void as to them, and the said tracts of land subjected to pay their debt. The defendants demurred to the bill, upon various grounds. One of these is that the bill alleges that, since these fraudulent transactions as alleged, George Hughes had been adjudged a bankrupt, and had not been discharged ; that, therefore, George Bliss and John H. Platt, the assignees in bankruptcy of George Hughes, are necessary parties, and they are not made so. And, again, upon the ground that, by the bankruptcy of the defendant, George Hughes, all his property, and that conveyed by him in fraud of his creditors, vested in his assignees in bankruptcy, for ratable distribution among all his creditors ; that said assignees alone can maintain any suit for the recovery thereof, or for subjecting the same to the payment of any debt nor charged by direct lien thereon ; and that this suit cannot be maintained in the said court for the purpose for which it was instituted. The circuit court of Gloucester, holding that the bill was demurrable for the reason set forth in the last cause of demurrer assigned, dismissed the same with costs. The plaintiff thereupon appealed.

The decree of the circuit court of Gloucester was plainly right, for the reason stated by that court. As was said by Mr. Justice Clifford, in the case of Glenny v. Langdon, 98 U. S. 20 : "Creditors can have no remedy which will reach property fraudulently conveyed, except through the assignee, for two reasons : (1) Because all such property, by the express

words of the bankrupt act, vests in the assignee by virtue of the adjudication in bankruptcy, and of his appointment. (2) Because they cannot sustain any suit against the bankrupt." See, also, Shearman v. Bingham, 7 N. B. R. 490 ; Lathrop v. Drake, 91 U. S. 516 ; Knight v. Cheney, 5 N. B. R. 313 ; Carr v. Hilton, ·1 Curt. 234 ; Heath v. Chadwick, 2 Phil. 649.

This proposition is settled beyond question, and it would seem that the fourth objection for want of proper parties, the grantee, George Bliss, the alleged fraudulent mortgagee, not being a party, is as undoubted.

We think the decree of the circuit court of Gloucester is plainly right, and the same is affirmed.